NOT FOR PUBLICATION


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| AHMED ABDOU, | : | |
| | : | Civil Action No. 12-7720 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRIAN ELWOOD, et al., | : | |
| | : | |
| Respondents. | : | |


**APPEARANCES:**

Petitioner pro se
Ahmed Abdou
Monmouth County Correctional Inst.
1 Waterworks Road
Freehold, NJ 07728

Counsel for Respondents
Susan Handler-Menahem
Assistant U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ  07102


**WOLFSON**, District Judge

Petitioner Ahmed Abdou ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Monmouth County Correctional Institution in Freehold, New Jersey, pending completion of removal proceedings.

On or about December 12, 2012, Petitioner filed a Petition

for writ of habeas corpus under 28 U.S.C. § 2241,[1] in which he

challenged his pre-removal-order detention.  For the reasons

stated below, this Court will dismiss the Petition.[2]

## I.   BACKGROUND

Petitioner is a native and citizen of Egypt, who entered the

United States legally on September 21, 2007.  (Pet. ¶ 9; Answer

at 3.)

On or about November 16, 2011, Petitioner was convicted in

the Superior Court of North Carolina, County of Person, of

(a) felony possession of a Schedule II Controlled Substance and

(b) possession with intent to manufacture/sell/deliver a Schedule

IV Controlled Substance, in violation of North Carolina state

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
(c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

[2] In addition to Brian Elwood, warden of Monmouth County
Correctional Institution, Petitioner also has named various
federal officials as respondents.  The only proper respondent to
a habeas petition challenging current confinement is the warden
of the facility where the petitioner is being held.  Accordingly,
Warden Brian Elwood is the only properly named Respondent in this
action, and the other named respondents will be dismissed from
this action with prejudice.  See Rumsfeld v. Padilla, 542 U.S.
426 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994).

law.[3]  Petitioner was sentenced to a term of six to eight months imprisonment, which was suspended, and he was placed on supervised probation for a term of 24 months.  (Answer, Ex. B, Judgments.)

On February 26, 2012, based on Petitioner's 2011 convictions, DHS/ICE issued a Notice to Appear charging Petitioner with being subject to removal pursuant to Sections 237(a)(2)(B)(ii) (relating to conviction of a controlled substance offense) and 237(a)(2)(A)(iii) (relating to conviction of an aggravated felony for drug trafficking) of the Immigration and Nationality Act.  (Answer, Ex. A, Notice to Appear.)  On March 26, 2012, Petitioner was arrested in New York City, and he has been detained by immigration authorities since that date. (Pet. ¶ 18; Answer at 3.)

On October 1, 2012, an Immigration Judge sitting in New York ordered Petitioner removed.  (Answer, Ex. C.)  Petitioner appealed and on January 29, 2013, the Board of Immigration Appeals ("BIA") dismissed the administrative appeal.  (Answer, Ex. D.)  There appear to have been no further administrative or judicial proceedings.[4]

---

[3] Petitioner alleges that he was released on bond on October 17, 2009, prior to his 2011 conviction.  (Pet. ¶ 9)

[4] Petitioner has not advised the Court of any further proceedings and this Court's review of the federal courts' Public Access to Court Electronic Records ("PACER") system reflects that no petition for review has been filed in either the Second

On or about December 12, 2012, while his administrative appeal was pending before the BIA, Petitioner filed this Petition for writ of habeas corpus, asserting that his pre-removal-order detention without a bond hearing, purportedly mandatory under 8 U.S.C. § 1226(c), was unlawful because he had not been taken into immigration custody "when ... released" from criminal custody. (Pet., First Cause of Action.)  See generally, Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001) (holding that the mandatory detention provisions of § 1226(c) apply even if DHS/ICE does not take an alien into custody immediately upon release from criminal custody); Hosh v. Lucero, 680 F.3d 375, 378 (4th Cir.2012) (deferring to the BIA interpretation of § 1226(c)).  Contra Gayle v. Napolitano, Civil No. 12-2806, 2013 WL 1090993 (D.N.J. March 15, 2013) (collecting cases).[5]  Although no final order of removal had been entered at the time he filed the Petition, Petitioner also challenges his detention under the post-removal-order provision at 8 U.S.C. § 1231, alleging that his removal is not likely to occur in the reasonably foreseeable future.  (Pet., Third and Fourth Causes of Action.)

---

Circuit or Third Circuit Court of Appeals.

[5] In addition, Petitioner asserts, without factual or legal support, that his mandatory pre-removal-order detention under 8 U.S.C. § 1226(c) is unlawful because he has a substantial challenge to removal.  (Pet., Second Cause of Action.)  Because the challenge to pre-removal-order detention has become moot, as discussed more fully infra, this Court need not address this claim.

Respondents answer that Petitioner's custody became administratively final on January 29, 2013, when the BIA dismissed his appeal, that he then became subject to custody under 8 U.S.C. § 1231, which governs post-removal-order detention, and that the challenge to his custody under § 1226(c) has become moot and should be dismissed. With respect to Petitioner's challenge to custody under § 1231, Respondents assert that Petitioner is not eligible for release pending removal because he cannot demonstrate that he is unlikely to be removed in the foreseeable future. Petitioner has not replied.

## II. DISCUSSION

### A. Legal Standards

### 1. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its

jurisdiction, by a custodian within its jurisdiction, at the time

he filed his Petition, see Spencer v. Lemna, 523 U.S. 1, 7 (1998)

and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95,

500 (1973), and because Petitioner asserts that his mandatory

detention is not statutorily authorized by 8 U.S.C. § 1226(c) or

8 U.S.C. § 1231.  See Zadvydas v. Davis, 533 U.S. 678, 699

(2001); Diop v. ICE/Homeland Security, 656 F.3d 221, 226 (3d Cir.

2011).

2.   Relevant Statutes

Federal law sets forth the authority of the Attorney General

to detain aliens in removal proceedings, both before and after

issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order

detention of an alien.  Section 1226(a) authorizes the Attorney

General to arrest, and to detain or release, an alien pending a

decision on whether the alien is to be removed from the United

States, except as provided in subsection (c).  Section 1226(a)

provides, in relevant part,

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien
may be arrested and detained pending a decision on
whether the alien is to be removed from the United
States. Except as provided in subsection (c) of this
section and pending such decision, the Attorney
General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on-

> (A) bond of at least $1,500 with security
> approved by, and containing conditions
> prescribed by, the Attorney General; or
>
> (B) conditional parole; ...

Certain criminal aliens, however, are subject to mandatory

detention pending the outcome of removal proceedings, pursuant to

8 U.S.C. § 1226(c)(1), which provides in relevant part that:

> The Attorney General <u>shall take into custody</u> any alien
> who –
>
> (A) is inadmissible by reason of having committed any
> offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any
> offense covered in Section 1227(a)(2)(A)(ii), (A)(iii),
> (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of
> this title on the basis of an offense for which the
> alien has been sentence[d] to a term of imprisonment of
> at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this
> title or deportable under section 1227 (a)(4)(B) of
> this title,
>
> <u>when the alien is released</u>, without regard to whether
> the alien is released on parole, supervised release, or
> probation, and without regard to whether the alien may
> be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added).[6]

---

[6] Although § 1226(c) does not provide for bail, an alien
detained pursuant to § 1226(c) may move for a <u>Joseph</u> hearing to
determine if he falls within the categories of aliens subject to
mandatory detention. <u>In re Joseph</u>, 22 I. & N. Dec. 799 (BIA
1999). At the <u>Joseph</u> hearing, a detainee may avoid mandatory
detention by demonstrating, for example, that he is not an alien
or that he was not convicted of the predicate crime(s). There is
no suggestion here that Petitioner's convictions are not of the
type enumerated in § 1226(c).

Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) generally is mandatory.  These generally are referred to as "pre-removal-order" detention provisions.

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  During the removal period, "the Attorney General <u>shall</u> detain the alien."  8 U.S.C. § 1231(a)(2) (emphasis added).[7]

---

[7] Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable.  <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).

"An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals."  8 C.F.R. § 1241.1(a).

B.    Analysis

Here, Petitioner became subject to a final order of removal on January 29, 2013, during the pendency of this matter, when the BIA dismissed his administrative appeal.  As of that date, Petitioner's detention ended under the pre-removal-order detention statute, 8 U.S.C. § 1226, and he became detained under the post-removal-order detention statute, 8 U.S.C. § 1231.

Because Petitioner is no longer detained pursuant to § 1226, as he was at the time he filed this Petition, there is no longer a live "case or controversy" regarding Petitioner's pre-removal-order detention, see U.S. Constitution, Article III, and that claim for relief will be dismissed as moot.  See Rodney v. Mukasey, 340 Fed.Appx. 761 (3d Cir. 2009); De La Teja v. United States, 321 F.3d 1357, 1361-63 (11th Cir. 2003); Reyna v. Hendricks, Civil No. 12-2665 (JLL), 2012 WL 6697464 (D.N.J. Dec. 21, 2012).[8]

---

[8] As noted by the Court of Appeals for the Eleventh Circuit in De La Teja, 321 F.3d at 1363, because Petitioner is now subject to a final order of removal, he will not be subject to pre-removal order detention in the future, so the narrow exception for cases that are capable of repetition yet evading review can not apply here.

Although Petitioner was not then detained under § 1231(a), he asserted in the Petition a general challenge to his detention under that post-removal-order detention provision, asserting that his removal was not significantly likely to occur in the reasonably foreseeable future.  (Pet., Third and Fourth Causes of Action.)  As noted above, § 1231(a)(2) requires the detention of aliens during the 90-day removal period and permits detention thereafter up a presumptively-reasonable six-month period.  See Zadvydas v. Davis, 533 U.S. 678 (2001).  Once the presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable.  That is, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701.[9]  There is no absolute entitlement to release at the end of the six-month presumptively-reasonable removal period.

---

[9]  But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

Here, Petitioner was not detained under § 1231 at the time he filed the Petition, and he has been detained under § 1231 less than the presumptively-reasonable six-month period at this time. To state a claim under <u>Zadvydas</u>, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; any earlier challenge to post-removal-order detention is premature and subject to dismissal.  <u>See</u>, <u>e.g.</u>, <u>Rodney v. Mukasey</u>, 340 Fed.Appx. 761, 764-65 (3d Cir. 2009); <u>Akinvale v. Ashcroft</u>, 287 F.3d 1050, 1051 (11th Cir. 2002).  Such dismissal is, of course, without prejudice to any claim Petitioner may have cause to assert should his future post-removal-order detention become unconstitutionally prolonged.

### III.   CONCLUSION

For the reasons set forth above, Petitioner's challenge to his pre-removal-order detention will be dismissed as moot and his challenge to his post-removal-order detention will be dismissed without prejudice as premature.  An appropriate order follows.

　　　　　　　　　　　　　　　 s/Freda L. Wolfson
　　　　　　　　　　　　　　　Freda L. Wolfson
　　　　　　　　　　　　　　　United States District Judge

Dated: April 4, 2013